consideration the manner in which the seizure was made, and the degree of rigor and roughness, or of lenity, with which the sheriff acted.

This charge accords substantially with what we have just said on the subject, and the court did not err in so instructing the jury. The case relied on in 1 Baldwin, 140, appears to us to support the charge as given.

3d. It is next urged, that the court erred in refusing a new trial on one of the grounds upon which it was asked, to wit, that the testimony admitted changed the nature of the action. We have already expressed our opinion, that the evidence was properly admitted, to show in what manner the deputy sheriff proceeded.

4th. The fourth ground rests upon the assumption that there were more than one trespasser, and consequently, that all should have been joined in the action ; and an exception to that effect was offered and rejected at a late period in the proceedings, and after an answer to the merits. The deputy sheriff was acting in that capacity, and consequently the sheriff was responsible for his acts, and they cannot be considered as co-trespassers. But even if it were otherwise, the exception not being a peremptory one, came too late.

Upon the whole, we see nothing which could justify our interference. The sheriff instead of obeying his writ, followed the orders of the plaintiffs in the execution, disregarded the possession of the plaintiff, notwithstanding her urgent entreaties, and rigorously treated the property in her possession as that of the defendant in the execution. He must take the consequences of his illegal act, and look elsewhere for indemnity.

The judgment of the Parish Court is, therefore, affirmed, with costs.

---

## Same Case—On a Re-hearing.

Bullard, J. We have attentively considered and weighed the arguments addressed to us on the re-hearing in this case.

Although we should have been better satisfied with the' first verdict, which was set aside and a new trial granted ; yet, with all our disposition to protect public officers in the discharge of their duties, we are not prepared to say, that the last verdict was so flagrantly wrong as to authorize our interference. The sheriff acted contrary to his own convictions of his duty, on a bond of indemnity from the plaintiffs in execution. The question of damages was fairly left to two juries, the last of which gave heavier damages than the first. We have no standard so precise as to enable us to say that the jury erred as to the amount of damages, in a case where, in consequence of the illegal conduct of the deputy sheriff, the plaintiff was put to considerable inconvenience.

The judgment first pronounced must remain undisturbed.

---

LUCIEN LARTIGUE *v.* CHARLES CLAIBORNE, Marshal of the City of New Orleans.

A marshal is responsible to the party injured, for any damage sustained by the latter in consequence of an illegal sequestration of his property. The marshal must look for indemnity to the party under whose directions he acted.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Rousseau* and *Lambert,* for the plaintiff, cited Civil Code, art. 2294. Bullard & Curry's Dig. p. 221, No. 43, § 19.

*Canon* and *Roselius,* for the appellants.

SIMON, J. The defendant Claiborne, marshal of the City Court of New Orleans, and the persons by him called in warranty, are appellants from' a judgment which allows the plaintiff the sum of $293 50 damages, sustained under the following circumstances :

It appears that, on the 7th June, 1842, Jean Esteben, one of the warrantors, having purchased of one Gourdé, by an act under private signature, six cows of the first choice, for the sum of one hundred and sixty-eight dollars, the cows were not delivered to the purchaser, but were, on the 18th of the same month, by a